UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                               Case No. 8:12-cr-390-T-15EAJ

**KEVIN LAMAR DAVIS**
_____/

ORDER

This cause comes on for consideration of Defendant's motion styled "Motion of Inquiry of the Substantial Assistance Provided to the Government" (D-57), and the Government's response in opposition (D-59).

Defendant pled guilty to Count Six of the Indictment charging possession with the intent to distribute a mixture of substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). At his sentencing hearing on August 19, 2013, the Court granted the Government's motion for a six-level reduction in Defendant's offense level based on Defendant's substantial assistance. As a result, Defendant's guideline range was reduced from 188 to 235 months to 110 to 137 months. The Court sentenced Defendant to a term of imprisonment of 110 months.

Defendant seeks a further sentence reduction pursuant to Fed.R.Crim.P. 35(b). Defendant states that he has assisted law enforcement with a homicide investigation which resulted in charges be brought against Oscar Filer in 2014.

The Government responds that the plea agreement provided that

the determination of substantial assistance "rests solely with the United States Attorney for the Middle District of Florida and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal ,collateral attack, or otherwise." (D-24, p. 5, ¶ 8.) It further argues that, according to Detective Matthew Furse, the St. Petersburg Police Department homicide detective involved in the investigation of Oscar Filer, Defendant did not provide any information that led to the indictment of Oscar Filer. The Government concludes that there is no evidence that Defendant has performed any substantial assistance at this point for purposes of a Rule 35(b) motion.

Rule 35(b)(2) states that, more than one year after sentencing, the court may reduce a defendant's sentence upon a motion by the government that defendant provided substantial assistance that involved information that was provided within a year of sentencing but did not become useful until more than a year after sentencing or information not known to the defendant until one year or more after sentencing. "[T]he government has 'a power, not a duty, to file a motion when a defendant has substantially assisted.'" United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009) (citing United States v. Forney, 9 F.3d 1492, 1500 (11th Cir.1993) (quoting Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992)). As such, unless the Government files a motion, the court cannot grant a downward departure based on substantial

assistance. <u>Id.</u>

The Supreme Court in <u>Wade</u> held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive, such as race or religion." 504 U.S. at 185-86. A mere claim that a defendant provided substantial assistance or generalized allegations of an improper motive are insufficient, however. <u>Id.</u> at 186. "[J]udicial review is appropriate only when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." <u>Dorsey</u>, 554 F.3d at 961 (citation omitted). Absent a "substantial threshold showing," the defendant has no right to relief, discovery or an evidentiary hearing. <u>Wade</u>, 504 U.S. at 186.

Defendant has not demonstrated either a contractual obligation on behalf of the Government to file a Rule 35 motion or any breach of an agreement. The plea agreement gave the Government the absolute discretion to file a Rule 35(b) motion. Where the plea agreement provides the it is within the Government's sole discretion to file a motion relating to substantial assistance, "the government does not breach the agreement by failing to file such a motion and the district court has no jurisdiction to review the claim of breach." <u>United States v. Morales</u>, 2007 WL 2363816, at *2 (11th

3


Cir. 2007) (citing Forney, 9 F.3d at 1500-02 & n. 2).

Moreover, Defendant does not allege that the Government's failure to file a Rule 35 motion is based on an unconstitutional motive. Finally, Defendant has not made a substantial showing that the Government's failure to file a Rule 35 motion is not rationally related to a legitimate government end.

IT IS therefore ORDERED that:

1)  Defendant's motion styled "Motion of Inquiry of the Substantial Assistance Provided o the Government" (D-57) is DENIED.

DONE AND ORDERED in Tampa, Florida, this 30th day of March, 2015.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE